UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA PEREZ DOWLING, | |
| Petitioner, | |
| -against- | 26-CV-4201 (LTS) |
| PRESIDING JUDGE HARRIS COUNTY JUSTICE COURT PRECINCT 4; FEDERAL BUREAU INVESTIGATIONS, | TRANSFER ORDER |
| Respondents. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Angela Perez Dowling, who is a resident of the State of New Jersey, brings this *pro se* action alleging that Defendants violated her rights in Harris County, Texas.[1] She sues the "Presiding Judge [of the] Harris County Justice Court Precinct 4" and the Federal Bureau of Investigation ("FBI"). (ECF 1, at 1.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Texas.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[2]

---

[1] Although Dowling refers to herself as a "Petitioner" bringing this action against "Respondents," the Court will refer to the parties as Plaintiff and Defendants.

[2] Plaintiff's claims against the FBI, a federal agency, would fall under the venue requirements set forth in 29 U.S.C. § 1391(e). However, because Plaintiff does not mention the FBI in the complaint and her allegations do not suggest that the FBI was involved in the events giving rise to her claims, the Court declines to separately analyze the complaint under Section

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings claims arising from an allegedly unlawful eviction in Harris County, Texas, and related state-court proceedings. She does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to her claims occurred in Harris County. Because Plaintiff does not allege that any of the defendants reside in this district and the alleged events occurred in Harris County, from the face of the complaint, it is clear that venue is not proper in this district under Section 1391(b)(1), (2).[3]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Harris County, Texas, which is in the Southern District of Texas. *See* 28 U.S.C. § 124(b). Accordingly, venue lies in the Southern District of Texas, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Texas, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further

---

1391(e).

[3] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court. Summonses

shall not issue from this court. This order closes this case in this court.[4]

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The Court notes that, by order dated May 26, 2026, the court recounted Plaintiff's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).